IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-11-1996 |
| | § | |
| F. MILLER CONSTRUCTION, LLC, | § | |
| ORION MARINE GROUP, INC., and | § | |
| JOHNSON BROS. LLC, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER OF CONSOLIDATION

Pending before the Court in the above referenced action, removed from state court and alleging wrongful death of Agustin Gutierrez while working on construction of a bridge between Grand Isle, Louisiana and mainland Louisiana across Caminada Pass, is Defendants F. Miller Construction, LLC and Orion Marine Group, Inc.'s motion to consolidate (instrument #8 in H-11-1996). The motion seeks to consolidate *In re Matter of Orion Construction, LP and F. Miller Construction, LLC*, H-11-2042, which is also pending in the Southern District of Texas and which seeks Exoneration From or Limitation of Liability, into the instant lawsuit on the grounds that the two matters arise out of the same incident and they share common questions of law and fact.

Although the motion states that counsel for Plaintiff Maria

-1-

Gutierrez is opposed to the proposed consolidation, no response has been filed. Under Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

Moreover, under Federal Rule of Civil Procedure 42(a), a trial court may consolidate actions involving common questions of law or fact, particularly if consolidation will avoid unnecessary cost or delay. The Court has broad discretion in determining whether two or more actions have common questions of law and fact and whether consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *St. Bernard Gen'l Hosp., Inc. v. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir, 1983). The district court may order consolidation even where the parties are opposed to it. *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972 v. Eastern Air Lines, Inc.*, 549 F.2d 1006, 1013 (5th Cir. 1977). The court's determination may also "take precedence over the desires of counsel." *Id.* at 1014.

Here the Court finds that the suits clearly arise out of the same occurrence, that they share common issues of fact and law, and that consolidation of the suits during discovery and for trial will save time and money. *See, e.g., In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 271 (5th Cir, 1974), *cert. dismissed*, 423 U.S. 886 (1975).

Accordingly, the Court

ORDERS that the motion to consolidate (#8) H-11-2042 into this

case is GRANTED.

**SIGNED** at Houston, Texas, this 6th day of July, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE