```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| MARIA GUTIERREZ, Individually §<br>and as Representative of the §<br>Estate of AGUSTIN GUTIERREZ, §<br>Deceased and as Next Friend of §<br>L.G. §<br>§<br>         Plaintiff, §<br>§<br>VS. §<br>§<br>F. MILLER CONSTRUCTION, LLC, §<br>ORION MARINE GROUP, INC., and §<br>JOHNSON BROS. LLC, §<br>§<br>         Defendants. § | CIVIL ACTION H-11-1996<br>   consolidated with |
| IN RE THE COMPLAINT OF ORION §<br>CONSTRUCTION, L.P., AND F. §<br>MILLER CONSTRUCTION, LLC, as §<br>OWNER(S) AND/OR OWNER(S) PRO HAC§<br>VICE OF THE BARGE STAR 303 §<br>(OFFICIAL NO. 1220316) AND ORION§<br>MARINE GROUP, INC. SEEKING §<br>EXONERATION FROM OR LIMITATION §<br>OF LIABILITY § | CIVIL ACTION H-11-2042 |

**OPINION AND ORDER**

The above referenced wrongful death action (now H-11-1996) was removed from state court on diversity grounds and subsequently consolidated with the limitation of liability action (H-11-2042), both arising out of the death of Agustin Gutierrez while he was working on construction of a bridge between Grand Isle, Louisiana and mainland Louisiana across Caminada Pass. Pending before the Court is a motion to lift the limitation stay and remand the underlying negligence case back to state court (instrument #52), filed by Plaintiff/Claimant Maria Gutierrez ("Plaintiff"),

Individually and as Representative of the Estate of Agustin Gutierrez, on the grounds that diversity jurisdiction has been destroyed by the addition of Defendants Orion Construction and Pileco, Inc.[1] in the filing of Plaintiff's First Amended Complaint (#28) on October 18, 2011.

**Plaintiff's Motion to Lift Stay and Remand Negligence Case**

Conceding that Orion Construction is entitled to seek limitation of damages in this Court, Plaintiff asserts her right under the "saving to suitors" clause to have her negligence claims adjudicated in her chosen forum, the 11th Judicial District Court of Harris County, Texas. Insisting that she is the only claimant to the limitation fund, she argues that under the "single claimant" rule[2] and Supplemental Admiralty Rule F of the Federal Rules of

---

[1] The Amended Complaint states that Orion Construction was one of the owners of the barge on which the Decedent worked, while Pileco, Inc. was the designer and manufacturer of the pile driving leads that were knocked loose from the crane and fatally struck the Decedent.
   According to the complaint in the limitation action, #1 in H-2042, F. Miller was the Decedent's employer and the operator of the barge involved. It was also an owner *pro hac vice* of the Barge STAR 303, as was Defendant Orion Marine, which bareboat chartered it to F. Miller. Orion Marine is also the sole member of F. Miller (LLC); the Notice of Removal states that "Miller is a wholly owned subsidiary of Orion."

[2] The Limitation of Shipowners' Liability Act ("Limitation Act") permits vessel owners to cap their liability at "the value of the vessel and pending freight" by filing limitation actions in federal court. 46 U.S.C. § 30505(a). "When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transport Co., Inc. v.*

Civil Procedure, she is entitled to relief from the stay order arising from the limitation of liability proceeding because she has filed an appropriate stipulation (#53). *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995)("The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over the limitations issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitation action."),

---

*Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). Usually when a shipowner invokes the Limitation Act, 46 U.S.C. § 30501, *et seq.*, all the claims arising out of the incident in dispute will be adjudicated by the federal district court. *In re Eckstein Marine Service, LLC*, Civ. A. No. H-10-0156, 2010 WL 518245, *1 (S.D. Tex. Feb. 3, 2010), *citing Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). Moreover under Section 185 of the Limitation Act, once the shipowner satisfies the requirements for filing a petition and depositing security in the amount of the value of the vessel and its freight, "all claims and proceedings against the owner with respect to the matter in question shall cease." *See* also Rule F (3)("On application of the plaintiff, the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."). Under one of the exceptions to this rule, the "single claimant exception," if just a single claim has been filed and there is no suggestion of the possibility of another claim, the district court must dissolve its injunction to permit the single claimant to pursue a separate action and a jury trial in state court. *Id., citing In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (5th Cir. 2000), *quoting Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983). The other exception is where the total claims of all claimants do not exceed the value of the limitation fund (i.e., the value of the vessel and the pending freight). *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957); *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480 (5th Cir. 1992). If either exception applies, the state court action may proceed provided that the absolute right of the shipowner to limit its liability is protected by stipulation by the claimant(s). *Odeco*, 74 F.3d at 674.

*cert. denied*, 516 U.S. 907 (1995); *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (1995); *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993)(holding that the federal limitation court "must accede" to claimants' choice of forum if they file an appropriate stipulation). Plaintiff maintains that her stipulation is undisputed and therefore the stay must be lifted. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001)(where a district court "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.").

Moreover, argues Plaintiff, since the Court no longer has diversity jurisdiction under 28 U.S.C. § 1332(a), remand is mandatory under 28 U.S.C. § 1447(c).[3]

Plaintiff observes that admiralty and maritime claims do not arise under federal law (the Constitution, treaties or laws of the United States) for purposes of federal question removal jurisdiction. *Tennessee Gas Pipeline v. Houston Cas. Inc.*, 87 F.3d 150, 153 (5th Cir. 1996)(*citing Romero v. Int'l Term. Oper. Co.*, 358

---

[3] Section 1447(c) states in relevant part,

A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

U.S. 354 (1959)).[4] Therefore admiralty claims are removable only where original jurisdiction is based upon something other than admiralty, e.g., diversity of citizenship, as here, and removal can only be perfected by non-forum defendants. *Id.; In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003); *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 348 n.4 (5th Cir. 1999).[5]

---

[4] After the removal, Plaintiff conceded that her claims had to be brought under the Longshore and Harbor Workers' Compensation Act. If she had asserted her claims against her husband's employer under that statute in state court, the Court would point out that as a matter of law the Longshore and Harbor Workers' Compensation Act does not create federal subject matter jurisdiction supporting removal. *Riley v. F.A. Richard & Associates, Inc.*, 46 Fed. Appx. 732, No. 01-60337, 1001 WL 1973771 *3 (5th Cir. Aug. 1, 2002), *citing Aaron v. Nat'l Fire Ins. Co. of Pittsburgh*, 876 F.2d 1157, 1161, 1164-66 (5th Cir. 1989), and *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001).

[5] Plaintiff contends that the federal district court's original jurisdiction does not change this rule because under 28 U.S.C. § 1333(1), the saving to suitors clause, a plaintiff may elect to bring admiralty and maritime claims in state rather than federal courts. § 1333(1)("The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Under the saving to suitors clause, admiralty and maritime plaintiffs have the right to sue in state court and the right to a jury trial and common law remedies. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443-45 (2001); *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996), *cert. denied*, 519 U.S. 822 (1996).
There is a recognized inherent tension between the saving to suitors clause and the Limitation Act, which provides that a shipowner to limit its liability for injury or damage done "without the privity or knowledge of owner" to the "value of the vessel and pending freight." 46 U.S.C. § 3503(a), (b). Under the Limitation Act, 46 U.S.C. § 30511(c), "When an action has

-5-

Plaintiff chose to file her claims in state court, and therefore, she insists, this Court's admiralty jurisdiction, by itself, could not provide this Court with subject matter jurisdiction over any part of this litigation. The only basis for removal was diversity jurisdiction,[6] which has since been destroyed. Only Orion Marine Group, Inc.'s ("Orion Marine's") claim under the Limitation Act (what was H-11-2042 before consolidation) is properly before this Court. Thus this Court

---

been brought under this section" and the shipowner has created a limitation fund in the amount equal to the value of the shipowner's interest in the vessel and pending freight, "all claims and proceedings against the owner related to the matter in question shall cease" while the federal court determines whether the shipowner has a right to limited liability. A claimant has no right to a jury trial in a limitation of liability action. *Lewis*, 531 U.S. at 448. Only when one of the two exceptions to an exclusive federal forum under the Limitation Act applies and a claimant asks the federal court to lift the stay and allow it to proceed in state court, with a jury trial, under the saving to suitors clause may the federal district court permit the state court action to go forward. As noted, there are two circumstances in which a limitation of liability action may be stayed to allow a claimant his right to pursue a common law remedies under the saving to suitors clause: (1) the claims total less that the value of the vessel or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court. *Lake Tankers v. Henn*, 354 U.S. 147, 151-53 (1957); *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575-76 (5th Cir. 1992); *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993).

[6] The Notice of Removal does not mention federal question jurisdiction, which, as noted, the Longshore harbor and Workers' Compensation Act does not create.

should lift the limitation stay and remand her underlying negligence case back to state court for trial on the merits.

**F. Miller Construction, LLC, Orion Marine Group, Inc., and Orion Construction, L.P.'s Memorandum in Opposition (#55)**

Defendants/Complainants F. Miller Construction, LLC ("F. Miller") and Orion Marine and Orion Construction (collectively, "Orion") argue that remand is not available because none of the claims presently before the Court was ever filed in the state court action brought by Plaintiff.[7] Instead that state court suit contained only state law claims of gross negligence against F. Miller and Orion Marine, specifically claims for damages under Article 16, Section 16 of the Texas Constitution and Section 408.001 of the Texas Labor Code and Section 41.001 of the Texas Civil Practices and Remedies Code; she asserted ordinary negligence against Johnson Brothers, LLC ("Johnson"). The Original Petition (#1-3) stated only that the Decedent was working as part of a construction crew on Caminada Bay Bridge Project near Grand Isle, Louisiana, as part of a joint venture involving Orion, F. Miller, and Johnson, when a support device hanging from a crane fell and fatally struck Agustin Gutierrez on the head.

---

[7] All currently pending claims, including the maritime claims, were filed by Plaintiff for the first time in federal court, after the removal, when Plaintiff initially invoked federal maritime jurisdiction, Defendants maintain.

Defendants maintain that Plaintiff joined invalid, wrongful, and inappropriate state-law claims against F. Miller and Orion Maritime in order to invoke a remedy similar to that allowed in *Garcia v. Total Oilfield Services, Inc.*, 703 S.W. 2d 411 (Tex. App.--Amarillo 1986)(Texas wrongful death statute allowed survivors to bring action in Texas under Texas law when deceased's death occurred in foreign state [in that case, Oklahoma] regardless of the law of that foreign state; holding Texas defendants responsible for punitive damages under Texas law even though the claim should have been subject to Oklahoma employer immunity). Joined by Orion, Johnson then properly removed the suit, pursuant to diversity jurisdiction, on the grounds that the asserted state-law claims were barred by the Longshore and Harbor Workers' Compensation Act, which eliminated any state-law remedy for construction workers killed while building bridges on navigable waters. *Anaya v. Traylor Bros., Inc*, 478 F.3d 251 (5th Cir. 2007)(holding that claims for benefits made by the estate of a construction worker who, while constructing a bridge, died from injuries sustained on a barge in navigable waters, where he regularly worked, are covered by the Longshore and Harbor Workers' Compensation Act, which prohibits gross negligence claims for exemplary damages[8]), *cert. denied*, 552

---

[8] In contrast to the Longshore and Harbor Workers' Compensation Act, which prohibits recovery of exemplary damages, under the Texas Workers' Compensation Act, Texas Labor Code Ann. § 408.001(b), an injured worker's beneficiaries may file for exemplary damages. *Anaya*, 478 F.3d at 253-54. Nevertheless the

U.S. 814 (2007); 33 U.S.C. § 904, *et seq.* Furthermore there is currently no dispute that removal on diversity grounds was proper at the time the Notice of Removal was filed.[9] Because under 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a), Plaintiff had until June 24, 2011 to file a motion to

---

Texas statute does not apply to "a person covered by a method of compensation established under federal law." Tex. Labor Code Ann. § 406.091(a)(2). Thus Defendants argue that because the Decedent was covered by the Longshore and Harbor Workers' Compensation Act, he could not bring suit under the Texas Act.

The Court notes that 33 U.S.C. §§ 904 and 905(a) of the Longshore and Harbor Workers' Compensation Act provide maritime workers with an exclusive no-fault remedy against their employers for work-related injuries, and under § 905(b), with an exclusive cause of action against a vessel and its owner for injuries caused by their negligence. Section 905(b) specifically grants workers covered under it an in rem claim for negligence of a vessel under 33 U.S.C. § 905(b). "The term "vessel" . . . includes the vessel's owner, owner pro hac vice, agent, operator, charterer, master, officer or crew member. *Randall v, Chevron U.S.A., Inc.*, 13 F.3d 888, 895 (5th Cir. 1994)(*citing Scindia Steam Navigation Co.. v. De Loss Santos*, 451 U.S. 156, 165 (1981)), *overruled on other grounds, Bienvenu v. Texaco, Inc.*, 164 F.3d 901 (5th Cir. 1999); *Davila v. Erickson & Jensen Seafood Packers*, Misc. No. C-12-357, 2012 WL 4514666, *4 (S.D. Tex. Sept. 11, 2012).

[9] The Notice of Removal (#1 in H-11-1996) identified Maria Gutierrez as a resident and citizen of Texas; F. Miller as a resident and citizen of Texas and Louisiana; Orion Marine as a resident and citizen of Texas and Delaware; and Johnson as a resident and citizen of Minnesota and Florida. Thus Plaintiff and F. Miller and Orion Marine are all citizens of Texas and not diverse. On removing the suit Johnson argued that Orion and F. Miller were improperly joined because the state-law gross negligence claims against them were barred by the Longshore and Harbor Workers' Compensation Act, which provided Plaintiff's exclusive remedy, as interpreted by *Anaya*.

remand on the grounds that Orion was not improperly joined, but she failed to do so.

Subsequently on September 23, 2011, after discovery, Plaintiff stipulated that there was no valid basis for the claims against Orion and F. Miller under state law, consented to dismissal of those claims (#19, 49), and with leave of Court on October 18, 2011 filed an amended complaint (#28) asserting her negligence claims under federal maritime law and 28 U.S.C. 1333(1). That election of a federal forum and maritime law was made more than six months before she filed her motion to remand and, as discussed below, after her original claim in limitation was filed in federal court in the amended complaint.

Under the doctrine of judicial estoppel, where a party takes a certain position in a legal proceeding and succeeds in maintaining that position, she may not assume a contrary position because her interests have changed, especially if doing so would prejudice the other party who acquiesced in the position she formerly took. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), *citing Davis v. Wakelee*, 156 U.S. 680. 689 (1895); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991)(where a plaintiff designated its claim was in admiralty under 9(h) and plaintiff's motion to remand was untimely, i.e., not filed within thirty days as required by section 1447(c), plaintiff waived the opportunity to challenge removal even when it was improper because

defendant lacked authority to remove a maritime case, a procedural defect). Here, insist Defendants, Plaintiff's motion to remand is untimely, and only after the case was removed to federal court did she amend and assert the claims against Orion, Pilco and Johnson under maritime law, providing the Court with original jurisdiction over these claims. *See also In re Digicon Marine, Inc.*, 966 F.2d 158, 159 (5th Cir. 1992), in which the plaintiffs brought suit under the Jones Act and general maritime common law in a Texas state court. Defendant removed it, and plaintiffs filed an untimely motion to remand on the grounds that their claims arose under maritime law, which does not authorize removal jurisdiction. After the district court denied the motion to remand and a motion for reconsideration based on the untimeliness of the motion to remand, the Fifth Circuit held that "because the plaintiffs' motion for remand was untimely, the district court had no discretion to remand on the basis of improper removal." 966 F.2d at 160, *quoting In re Shell Oil II*, 932 F.2d 1323, 1528 (5th Cir. 1991).

The Court observes that in *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783 (5th Cir. 1993), the appellate court concluded that the 30-day restriction in section 1447(c) is absolute, even when the plaintiff argues that the cause of action was not removable. Summing up the rule in *Digicon* and *Baris,* and their progeny, the Fifth Circuit panel opined,

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite such statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after removal, or he waives his objection. Only in the case of a lack of subject matter jurisdiction--such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal--may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.

*Id.* at 787. This rule, that under § 1447(c) an untimely motion to remand must be denied because "a defect in removal procedure 'includes within its reach the bringing of an action not within the court's removal jurisdiction, but that could have been brought originally in that court,'"[10] has been frequently applied or reiterated by courts in the Fifth Circuit. *See, e.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457-58 (5th Cir. 1998); *Kovacs v. Parker Drilling Co.*, No. Civ. A. 99-2945, 1999 WL 1138504, *1-2 (E.D. La. Dec. 9, 1999)(*citing Spark Plugs*, where plaintiff could have initially filed his Jones Act complaint in federal court but chose state court, the federal court denied remand of case removed based on fraudulent Jones Act seaman status because motion to remand was untimely); *Moore v. Universal Sodexho (USA), Inc.*, Civ. A. No. J-08-3633, 2009 WL 1748888, *1 (S.D. Tex. June 19, 2009); *Crawford v. Charles Schwab & Co.*, Civ. A. No. 3:09-

---

[10] *Digicon*, 966 F.2d at 160, *quoting Baris*, 932 F.2d at 1545.

CV-0666-G, 2009 WL 3573658, *3 nn. 3-4 (N.D. Tex. Oct. 30 2009); *Roithner v. Liberty Ins. Corp.*, No. 4:11CV736, 2012 WL 441195, *2 (E.D. Tex. Jan 20, 2012).

Second, other reasons Defendants claim for denying the motion to lift stay are that this is a multiple claimant situation (not a single complainant suit as Plaintiff alleges), Plaintiff's stipulation is insufficient to protect the shipowners, and the total amount of the claims exceeds the amount in the limitation fund. On June 1, 2011, Orion filed a complaint for exoneration from or limitation of liability, H-11-2042. In that pleading Orion sought protection for all the Orion defendants, but raised the issue of vessel status and the limitation fund amount. If BARGE STAR 303 is a "vessel", Orion asserts that it had a value of $1,150,000.00 at the time of the accident. The parties dispute whether the crane, which was temporarily aboard the barge and valued at $1,100,000, and/or the pile driving equipment, valued at $85,000, should go into the limitation fund. #1, Ex. 1. The amount of the final limitation fund has to be determined under Supplemental Rule F(7) for admiralty and maritime claims. The Court has approved security in the amount of $2,345,000.[11] #5 in

---

[11] Under 46 U.S.C. § 30511(b)(1), to obtain the benefits of the Limitation Act, the shipowner must file with the district court security in the amount of its interest in the ship, as approved by the Court. That amount creates the limitation fund for the benefit of claimants.

H-11-2042.  H-11-2042 was consolidated with H-11-1996 on July 6, 2011 (#13 in H-11-1996).

As an example of multiple claimants here, in addition to Plaintiff's claims against Orion, Johnson (Orion's co-defendant) filed a cross-claim for contribution and indemnity (#24) against F. Miller on September 20, 2011.  Plaintiff's First Amended Complaint (#28), filed on October 18, 2011, although including both case numbers, was presumably filed in the limitation action because it included claims against Orion.  All claims against Orion except the limitation action had been stayed.  Plaintiff's First Amended Complaint does not, in the alternative, seek remand to state court, request a jury, or object to the Court's jurisdiction.  Furthermore all the parties answered it, and none contested the federal maritime jurisdiction.  Moreover after discovery, Plaintiff voluntarily dismissed her claims against Johnson (#46, 47), but without prejudice, and Johnson dismissed its indemnity limitation claim against F. Miller also without prejudice (#48, 50).  Because the dismissals were without prejudice, the claims can be "rekindled."  Furthermore Johnson has not joined in the stipulation.[12]  Defendants argue that the Court should not lift the

---

[12] This Court agrees with Defendants that all claimants, including those seeking indemnity, contribution and attorneys' fees, must sign a stipulation protecting the shipowner's rights under the Limitation Act before the federal court may lift the stay and allow the claimants to proceed in state court. *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996) (parties seeking indemnity and contribution are "claimants" under

stay because of this potential indemnity claim. Plaintiff has also sued Pileco (#28, ¶¶ 21-24). Pileco, which has also not joined in the stipulation, also has a potential cross-claim against F. Miller/Orion; Pileco disclosed as of April 12, 2012 that it intended to seek contribution and indemnity damages from F. Miller and Orion. #55, Ex. A, p. 4 ("*At this time Pileco makes no claim for damages, other than its entitlement to contribution and indemnity from F. Miller/Orion. [emphasis in the original].*" Because there are multiple potential claims, the stay should not be lifted. "As long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a

---

the Limitation Act), *cert. denied*, 519 U.S. 822 (1996). "Codefendant cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act." *Id.* at 675, *citing Gorman v. Cerasia*, 2 F.3d 519, 526-27 (3d Cir. 1993)("all courts have recognized that a multiple claimant situation exists where a third party seeking indemnity or contribution also requests attorneys' fees and costs associated with its claims"). Whether a stipulation adequately protects a party's rights under the Limitation Act is a question of law for the court to determine. *Id.* at 674. All claimants must sign the stipulation protecting the shipowner's rights under the Limitation Act in order to proceed in state court. *Id.* at 675. "The shipowner's right to limitation takes precedence over the claimant's right to proceed in the forum of their [*sic*] choice." *Id.*

*concursus.*" *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 758 (2d Cir. 1988).[13]

In sum, the Court cannot properly remand Plaintiff's claims to state court because none of them was originally asserted in state court. In her Amended Complaint Plaintiff claims that this Court has subject matter jurisdiction over her claims against Orion and Pileco in admiralty under 28 U.S.C. § 1333(1). #28, ¶2. *See also Kermarec v. Compagnie General Transatlantique*, 358 U.S. 625 (1959)(where death occurred on navigable waters, it is within the reach of admiralty jurisdiction, and liability for negligence is based on a ship owner's failure to use reasonable care in light of the circumstances to those lawfully on board the vessel), and the Admiralty Extension Act, 46 U.S.C. § 30101(a)("The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is

---

[13] The Court would point out that other courts have held that claims for contribution and indemnity create a multiple claimant case *In re Mister Wayne*, 729 F. Supp. 1124 (E.D. La. 1989). But in *Dammers & Vanderheide* the Court found that the potential for a multiple claimant situation could be cured by a sufficient stipulation that protects the shipowner from liability for any amount larger that the value of the vessel, including a waiver of any claim of res judicata related to the issue of limited liability based on any judgment obtained in state court and agreeing that the shipowner has the right to litigate all issues relating to the limitation in the limitation proceeding. 836 F.2d at 756, 758. *See In re Illinois Marine Towing*, 498 F.3d 645, 647 (7th Cir. 2007).

done or consummated on land."); Affidavit of David Kedzierski, #16, Ex. 1.

Furthermore, Plaintiff's stipulation, which is not signed by Pileco or Johnson, is deficient for other reasons, argue Defendants. The parties disagree about the amount of the appropriate limitation fund. The First Amended Petition seeks $10,000,0000, which is more than the highest value of the fund before one adds the indemnity claims of Pileco and Johnson. Defendants maintain that this is an inadequate, multiple claimant case. Plaintiff's stipulation authorizes her to collect and seize assets in a state court judgment in the amount of $2,235,000 without the federal court adjudication of the proper amount for the limitation fund. The amount of the fund is a federal court procedural matter which should be determined by the Court either before or during trial, pursuant to the supplemental rules for admiralty and maritime cases.

### Plaintiff's Reply (#57)

Reiterating that the single claimant rule applies to the limitation action because the only claimant remaining is Plaintiff and because the deadline for filing a claim in the limitation proceeding was August 15, 2011, insuring there are not more "potential claims," Plaintiff insists that her stipulation adequately protects Orion's limitation rights. Plaintiff has stipulated that if there is a judgment or recovery in state court

in excess of the amount established as the proper limitation fund, whether against Orion or any liable parties who make cross claims or claims over and against Orion, she will not seek to enforce the excess judgment or recovery. She has simply reserved her right in the limitation action to challenge the value of the limitations fund, if and when necessary.

### Court's Decision

The Court does not have to reach the issue of the adequacy of the stipulation because Plaintiff fails to address the fact that Johnson properly removed this action on diversity jurisdiction on the grounds that Orion and F. Miller were improperly joined.[14] Plaintiff's gross negligence claims seeking exemplary damages for wrongful death against them were barred by the Longshore and Harbor Workers' Compensation Act, her exclusive remedy under for the alleged wrongful death of her husband. *Anaya*, 478 F.3d 251. Thus the case was properly removed on diversity jurisdiction. Therefore the only viable claim that proceeded into federal court was the simple negligence claim against Johnson under the federal statute.

---

[14] "[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 5 (5th Cir. 2006), *citing Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 991 (2005)."'[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant.'" *Id., citing id.* at 573.

Moreover the Court agrees with Defendants that Plaintiff did not file a timely motion to remand contesting the fraudulent joinder theory and thus waived her right to do so.  Because Plaintiff's First Amended Complaint, filed in federal court, added the nondiverse Orion and Pileco, but also conceded that her state-law claims for gross negligence seeking exemplary damages were barred by the Longshore and Harbor Workers' Compensation Act and asserted new maritime claims against all Defendants, providing the Court with original jurisdiction over them.  As argued by Defendants, the Court cannot "remand" these claims because they were never filed in the state court action.  Thus all pending claims remain in this Court, which can resolve the issue of the proper amount of the limitation fund.  Accordingly, the Court

ORDERS that Plaintiff's motion to lift limitation stay and remand is DENIED.

**SIGNED** at Houston, Texas, this  30th  day of October , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE